**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MICHAEL MCDONNELL, BAR NO. 333.

No. 62114

FILED

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER IMPOSING RECIPROCAL DISCIPLINE

This is a petition under SCR 114 to reciprocally discipline attorney Michael B. McDonnell, based on discipline imposed upon him in California. McDonnell did not file a response to the petition.

McDonnell was disciplined for issuing six checks from his client trust account to pay for personal expenses. McDonnell pleaded *nolo contendere* to the charge of violating California Rule of Professional Conduct 4-100(A) (preserving identity of funds and property of a client).[1]

In May 2012, the California Supreme Court entered an order confirming the stipulated discipline of a stayed one-year suspension, along with a three-year probation subject to conditions, the most significant of which were passing the Multistate Professional Responsibility Examination (MPRE), successfully completing classes regarding ethics

---

[1]Nevada's counterpart is RPC 1.15 (safekeeping property).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31677

and client trust accounts at the Ethics School, and submitting quarterly reports to the California State Bar regarding his compliance with the probation terms. McDonnell did not self-report this discipline to the Nevada State Bar within 30 days as required by SCR 114(1).

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. None of the exceptions is present in this case.

Accordingly, we grant the petition for reciprocal discipline. Attorney Michael B. McDonnell is hereby suspended for one year, with that suspension stayed, and placed on probation for three years.[2] Within 30 days of the date of this order, McDonnell shall provide the Nevada State Bar with (1) proof that he has passed the MPRE; (2) proof that he has successfully completed the required Ethics School classes; and (3) copies of all completed quarterly reports submitted to the California State Bar. Additionally, McDonnell shall furnish the Nevada State Bar with copies of all future quarterly reports and any other proof of compliance

---

[2]We note that McDonnell is currently suspended in Nevada for failure to pay bar dues. *See* SCR 98(12). The suspension in the instant matter is separate from and in addition to McDonnell's existing bar dues suspension. The suspension and probation in the instant matter shall not begin until McDonnell has resolved his bar dues suspension.

with his probationary conditions requested by the State Bar. McDonnell and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.    _____, J.
Pickering                       Hardesty

_____, J.    _____, J.
Parraguirre                     Douglas

_____, J.    _____, J.
Cherry                          Saitta

cc:    Glenn M. Machado, Assistant Bar Counsel
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Michael B. McDonnell
       Perry Thompson, Admissions Office, United States Supreme Court